## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW L. SCHLAFLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-00283-JAR |
| | ) | |
| EAGLE FORUM, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Andrew Schlafly's motion to remand (Doc. 27). Defendant Eagle Forum opposes the motion. The matter is fully briefed and ready for disposition. For the reasons set forth below, the Court will deny the motion.

### I.     Background

Plaintiff filed this action seeking injunctive and declaratory relief in St. Louis County on January 19, 2017. At issue in the complaint[1] is a Board meeting called in alleged violation of Eagle Forum's Bylaws with the purpose of removing three Board members, including Plaintiff. (Doc. 8, Complaint ("Compl."), at ¶ 9). Plaintiff seeks a court order issuing a temporary restraining order and preliminary injunction enjoining the individual Defendants from taking any action not authorized by the Bylaws, and specifically enjoining the individual Defendants from holding or participating in a special meeting on January 28, 2017, or at any time other than the annual meeting of membership if the meeting is for the purpose of removing a Board member. *Id.* at ¶¶ 23-51). He also seeks a declaratory judgment providing that the planned special

---

[1]     The Court will refer to Plaintiff's Verified Petition as a "complaint" throughout this opinion.

1

meeting scheduled for January 28, 2017, is (now was) in violation of the Bylaws and is ultra vires, and that the individual Defendants are acting in bad faith. (*Id.* at ¶¶ 52-57).

On January 25, 2017, Defendants removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. In support, Defendants claim that the parties are diverse in citizenship and that the object of the litigation, the value of Eagle Forum, exceeds $75,000. (Doc. 1 at ¶¶ 10-12). Plaintiff moves to remand the case to state court, arguing that the value of the relief sought by Plaintiff is significantly less than $75,000 because he does not seek monetary damages, nor does he seek the assets of Eagle Forum. (Doc. 27-1 at 3-4).

## II. Legal standard

An action is removable to federal court if the claims originally could have been filed in federal court. 28 U.S.C. § 1441; *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). A case must be remanded if, at any time, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Any doubts about the propriety of removal are resolved in favor of remand. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007).

## III. Discussion

Removal in this case was premised on diversity jurisdiction, which requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (quoting *Hunt v.*

*Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *see Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018 (8th Cir. 2010) ("We have held repeatedly that in a suit for declaratory or injunctive relief the amount in controversy is the value to the plaintiff of the right that is in issue.").

Here, Plaintiff seeks both injunctive and declaratory relief. Specifically, Plaintiff seeks an order from the Court enjoining Defendants from taking any actions not authorized by the Bylaws; from removing Board members at any time other than the annual meeting of membership; and from holding a special meeting on January 28, 2017 (now moot). (Compl. at pg. 10). Plaintiff also requests that the Court enter a declaratory judgment that the January 28, 2017 meeting is (now was) in violation of the Bylaws and applicable law and is ultra vires; and that the individual Defendants were acting in bad faith. (*Id.* at pg. 11). Therefore, the Court must determine the value of the object of the litigation for the purpose of determining whether it has subject matter jurisdiction over this action.

This matter presents an issue of first impression, as the Court has not found, nor have the parties identified, case law directly on point. However, the Court finds instructive general principles underlying suits filed by corporate stockholders to enjoin acts by the board or corporate management.

Generally, where a shareholder suit seeks the enforcement of a shareholder right, the value of that shareholder's stock constitutes the amount in controversy. *See Carey v. Pennsylvania Enterprises, Inc.*, 876 F.2d 333, 337 (3d Cir. 1989) (action to enjoin the implementation of a corporate election by stockholder entitled to vote); *Weeks v. Am. Dredging Co.*, 451 F. Supp. 464, 466 (E.D. Pa. 1978) (action seeking order enforcing the right of all shareholders to obtain a shareholder list); *Myers v. Long Island Lighting Co.*, 623 F. Supp. 1076,

3

1077 (E.D.N.Y. 1985) (action by preferred stockholder to enforce bylaw provision requiring special election by preferred stockholders).

However, in cases that do not involve the enforcement of individual shareholder rights, courts have found that the value of the right of the corporation sought to be protected, not the value of the shareholder's individual interest thereof, governs the jurisdictional amount. *See Coleman v. Two Guys from Harrison, Inc.*, 157 F. Supp. 224, 226 (E.D. Pa. 1957) (in suit seeking injunction of ultra vires acts of the board that would impair the value of the corporation and, in turn, impair the value of stock, the value of loss or damage to the corporation constitutes the value of the litigation); *Johnson v. Ingersoll*, 63 F.2d 86, 87 (7th Cir. 1933) (holding that where a stockholder brings suit in cases where corporate management refuses or fails to enforce corporate rights, it was not necessary for the shareholder to show that his private interest or damage satisfied the jurisdictional threshold); *Walsh v. Boston & Maine R.R.*, 87 F. Supp. 934, 934–35 (D. Mass. 1950) (the amount in controversy was value of the railroad company itself because the remedy sought in the action was to deprive the present board of directors of the right to control the railroad company); *Hill v. Glasgow R. Co.*, 41 F. 610, 613 (C.C.D. Ky. 1888) (the potential financial impact of the board's misappropriation satisfied the jurisdictional threshold in action to "enforce corporate rights to avert wrongs threatening the corporate interests"); *c.f. Walker v. Waller*, 267 F. Supp. 2d 31, 33 (D.D.C. 2003) (in action seeking declaratory relief with respect to the composition of the board and identification of the officers of the corporation, "the right to govern a corporation" did not place the entire worth of the corporation in controversy). On other words, where a shareholder brings a claim on behalf of a corporation, rather than to enforce his individual shareholder rights, the courts use the value of the corporation as a whole to determine the amount in controversy.

4

Here, the value of the litigation is the value of the assets of Eagle Forum over which the Board has control. Plaintiff brings this suit in his capacity as a Director[2] and member of Eagle Forum. (Compl. at ¶ 1). Plaintiff claims that he "sued to object to an improper Board meeting, not to recover any [monetary] damages." (Doc. 27-1 at 2). However, although Plaintiff does not seek monetary relief, his claims are similar to those brought by a shareholder challenging an illegal board or illegal acts of a board. *See Harris v. Brown*, 6 F.2d 922, 924 (W.D. Ky. 1925) ("the amount involved for the purpose of testing the jurisdiction of this court[] is the value of the property and property rights of the defendant company for which the plaintiff seeks protection"). Plaintiff has, since the filing of this action, been removed from his position as a Board member at a meeting he claims was called and held in violation of the Bylaws. He seeks to enjoin future violations of the Bylaws, as well as a declaration by the Court that the actions of the Board were ultra vires. In essence, Plaintiff is asserting a claim to enforce the right held by Eagle Forum to have a Board that abides by its Bylaws. It follows then that the value of that right is measured by the value of Eagle Forum itself.

Plaintiff argues that the value of this litigation is substantially less than $75,000 and should not be determined solely on the basis of Eagle Forum's assets. He claims that there is no monetary value to the action because he does not seek or assert damages. (Doc. 27-1 at 4). He claims he never received compensation as a member of the Board and that his interest in challenging his improper removal from the Board was to prevent future misconduct by Defendants. (*Id.* at 3).

However, the question before the Court is not how a plaintiff subjectively values a right or even what his or her good-faith estimate of its objective value is; instead, the question is the

---

[2]     Plaintiff is no longer a member of the Board of Directors. (Doc. 28 at 1).

actual value of the object of the suit. *Usery*, 606 F.3d at 1019. Plaintiff's claims mirror those brought by a shareholder to avert wrongs threatening the corporate, rather than individual, interest. Most importantly, Plaintiff's complaint is directed at control of the Board. Therefore, the amount in controversy is the value of Eagle Forum, which easily satisfies the jurisdictional threshold.

IV.    **Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [27] is **DENIED**.

Dated this 7th day of September, 2017.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE