UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREW L. SCHLAFLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-00283-JAR |
| | ) |
| EAGLE FORUM, et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Eunie Smith, Cathie Adams, Rosina Kovar, and Carolyn McLarty's (the "individual Defendants") motion to quash service of summons and complaint (Doc. 6); Defendant Eagle Forum's motion to dismiss or, in the alternative, to transfer (Doc. 16); Defendant Eagle Forum's motion to strike (Doc. 19); Plaintiff's motion for temporary restraining order (Doc. 9); and Plaintiff's motion for preliminary injunction (Doc. 10). Plaintiff has not filed an opposition to any of the aforementioned motions filed by Defendants, and the time to do so has passed. For the reasons set forth below, the Court will grant the motion to quash; deny the motion to dismiss; deny as moot the motion for temporary restraining order; deny without prejudice the motion for preliminary injunction; and deny as moot the motion to strike;.

### I. Background

The Parties

Plaintiff is the eldest son of the late Phyllis Schlafly, a conservative political activist who founded several non-profit entities to further her causes, including Defendant Eagle Forum.

1

(Doc. 8, Complaint ("Compl."), at ¶¶ 1, 26; *see also Phyllis Schlafly Revocable Trust, et al. v. Anne Cori, et al.*, 4:16-cv-01631-JAR, Doc. 51, at 2).[1] Defendant Eagle Forum is a corporation formed under the Illinois General Not for Profit Corporation Act and governed by the Bylaws of Eagle Forum ("Bylaws"). (Doc. 17, at 4). Phyllis Schlafly formed Eagle Forum to advance her conservative activism on a national level and to further the notion that citizen-volunteers, through rigorous advocacy, can influence government policies on federal, state, and local levels. (Phyllis Schlafly Revocable Trust Litigation, Doc. 56, at 2). At the time this lawsuit was filed in St. Louis County Circuit Court on January 25, 2017, the Eagle Forum Board consisted of nine directors: Ann Schlafly Cori, Defendant Eunie Smith, Defendant Cathie Adams, Defendant Carolyn McLarty, Defendant Rosina Kovar, Shirley Curry, John Schlafly, Andrew Schlafly, and Kathleen Sullivan. (*Id.*). Plaintiff is the brother of Ann Cori and John Schlafly. (Doc. 28 at 1).

Events Leading up to this Case

There are a number of pending lawsuits in various jurisdictions between the "Majority Directors" and "Minority Directors" of Eagle Forum after rifts developed within its leadership. The "Majority Directors" included Anne Cori, Defendant Eunie Smith, Defendant Cathie Adams, Defendant Rosina Kovar, Defendant Carolyn McLarty, and Shirley Curry. The Minority Directors consisted of Plaintiff, John Schlafly, and Kathleen Sullivan. (Doc. 17 at 3).

In the months leading up to Phyllis Schlafly's death, John Schlafly and Anne Cori disagreed as to the positions they believed Phyllis Schlafly and Eagle Forum should have taken on certain political issues, most notably the issue of which candidate to endorse in the 2016 U.S.

---

[1] Similar parties are involved in a related lawsuit before the undersigned, *Phyllis Schlafly Revocable Trust, et al. v. Anne Cori, et al.*, 4:16-cv-01631-JAR (E.D. Mo. filed Oct. 19, 2016), which the Court shall refer to as "(Phyllis Schlafly Revocable Trust Litigation, Doc. ___)". The Court takes judicial notice of that file, as well as other cases filed by and against various current and former Eagle Forum board members.

2

Republican Presidential Primary. (Phyllis Schlafly Revocable Trust Litigation, Doc. 56, at 3). Ed Martin was formerly the president of Eagle Forum, and he was allegedly endorsed by Phyllis Schlafly. (*Id.*). However, on April 11, 2016, the Majority Directors voted to remove Ed Martin from his leadership role. (*Id.*). That vote gave rise to litigation filed in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois, *see Cori v. Martin*, No. 2016MR000111 (Ill. Cir. Ct. Oct. 20, 2016) ("the Madison County case"). (*Id.*).

On October 20, 2016, the Madison County court entered an amended TRO, suspending John Schlafly from the Eagle Forum Board, enjoining him from accessing Eagle Forum property, and granting the Majority Directors temporary sole control of and possession over all Eagle Forum property ("Madison County TRO").[2] (*Id.* at 5). On January 9, 2017, Defendant Eunie Smith, Defendant Cathie Adams, and Anne Cori called a special meeting of the board for the purpose of removing John Schlafly, Plaintiff, and Kathleen Sullivan as directors. (Doc. 8-2). That meeting, scheduled on January 28, 2017, is the subject of this litigation.

The Instant Action

On January 19, 2017, Plaintiff filed this action in St. Louis County circuit court seeking a temporary restraining order and preliminary injunction enjoining the individual Defendants from taking any action not authorized by the Bylaws, and specifically enjoining the individual Defendants from holding or participating in the January 28, 2017 meeting. (Compl. at ¶¶ 23-51). Plaintiff also seeks a declaratory judgment that the January 28, 2017, is (now was) in violation of the Bylaws and is ultra vires, and that the individual Defendants are acting in bad faith. (*Id.* at ¶¶ 52-57). Defendant Eagle Forum removed the case to this Court, and a number of motions were filed by both Plaintiff and Defendants.

---

[2] The Court's April 17, 2017 Memorandum and Order in the Phyllis Schlafly Revocable Trust Litigation sets forth in more detail the specific provisions of the Madison County TRO.

3

The case was originally assigned to another District Judge who set Plaintiff's motion for temporary restraining order for a hearing, but the parties agreed that no hearing would be needed. On January 26, 2017, the case was reassigned because Plaintiff's complaint was significantly similar to the Phyllis Schlafly Revocable Trust Litigation, which was pending before the undersigned. (Doc. 24). Thereafter, Plaintiff filed a motion to remand the case to state court (Doc. 27).[3]

## II. Discussion

Motion to Quash

Federal Rule of Civil Procedure 4(e)(2) of the Federal Rules of Civil Procedure provides that an individual may be served:

> [B]y delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Rule 4(e)(1) provides that an individual may be served in accordance with the law of the state in which the district court is located, under the rules for service of a summons on the defendant in an action brought in state court. Missouri Supreme Court Rule 54.13(b)(1) is in substance identical to Federal Rule of Civil Procedure 4(e)(2).

The individual Defendants move to quash service under Rule 12(b)(5) on the basis that the summons and complaint were not properly served on them. They contend that the process server left copies of the summons and complaint with Elizabeth Miller, an employee of Eagle Forum who was present at the Eagle Forum office in Alton, Illinois, and accepted service on behalf of Defendant Eagle Forum. (Doc. 7 at 1-2). However, the individual Defendants, who

---

[3] The Court addresses the motion to remand in a memorandum and order filed contemporaneously herewith.

4

each reside outside Missouri and Illinois, contend that Ms. Miller was not authorized to receive process on their behalf. (*Id.* at 3).

If a defendant is not properly served, a federal court lacks jurisdiction over that defendant. *Adams v. AlliedSignal General Aviation Avionics,* 74 F.3d 882, 885 (8th Cir. 1996) (citing *Printed Media Services, Inc. v. Solna Web, Inc.,* 11 F.3d 838, 843 (8th Cir. 1993)). In the absence of express authorization or agency, an individual defendant must be served in accordance with Rule 4(e)(2). *Tanner v. Presidents-First Lady Spa, Inc.,* 345 F. Supp. 950, 958 (E.D. Mo. 1972) (service on majority shareholder defendant found improper because defendant was not personally served in accordance with Missouri law).

Here, the record indicates that the individual Defendants have not been properly served with process because Ms. Miller was not authorized to accept service on their behalf, and, further, they have not voluntarily entered an appearance. As a result, the Court lacks jurisdiction over the individual Defendants, and the motion to quash summons and complaint will be granted.

<u>Motion to Dismiss</u>

Defendant Eagle Forum argues that Plaintiff's complaint should be dismissed because it fails to join a necessary party, i.e., each of the Eagle Forum Directors, which results in a failure to state a claim for declaratory and injunctive relief. (Doc. 17 at 9-10). In the alternative, Defendant Eagle Forum argues that the Court should transfer this case to the proper venue, the United States District Court for the Southern District of Illinois. (*Id.* at 15-16).

Rule 19(a)(1) provides that a party is required to be joined if feasible if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or

5

> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). Rule 19(b) provides that if a person who is required to be joined cannot be joined, the Court must determine whether, in equity and good conscience, the action should proceed among the existing parties. Fed. R. Civ. P. 19(b). As applied to joinder of a corporation's board of directors, the Court should determine to what extent rendering a judgment in the absence of a party might be prejudicial to him, whether the court can render an adequate judgment without that party, and whether plaintiff will still have an adequate remedy if the action is dismissed for nonjoinder.

Usually, applying these factors to a suit against a corporation yields a determination that directors are not indispensable. *See generally Duman v. Crown Zellerbach Corp.*, 107 F.R.D. 761, 763 (N.D. Ill. 1985) (holding that corporate directors were not indispensable parties required to be joined in the shareholders' action against the corporation alleging that the adoption of "poison pill" rights gave the board of directors power beyond its authority because the court could effectively order redemption of "poison pill" rights without joining the board of directors). For instance, when joinder of the board of directors would defeat jurisdiction in plaintiff's chosen forum in an action against a corporation, normally the action should proceed without directors, officers or controlling shareholders. *See Bio-Analytical Services, Inc. v. Edgewater Hospital, Inc.*, 565 F.2d 450 (7th Cir.1977), *cert. denied* 439 U.S. 820 (1978); *Anrig v. Ringsby United*, 603 F.2d 1319 (9th Cir. 1978).[4] However, while Directors are generally not necessary or indispensable parties to an action on behalf of a corporation, they are indispensable where they

---

[4] Plaintiff's chosen forum was St. Louis County Circuit Court. Therefore, the Court will not engage in an analysis of whether diversity would be destroyed had Plaintiff named the entire Eagle Forum Board of Directors.

6

themselves are charged with fraudulent or improper conduct. *Castner v. First Nat'l Bank of Anchorage*, 278 F.2d 376, 384 (9th Cir. 1960) (internal citations omitted).

Defendant Eagle Forum argues that the remaining directors are indispensable parties because enjoining some but not all members of the Board would lead to inconsistent obligations and, in any event, any injunction imposed upon the named Board members would bind an insufficient number of members to form a quorum. (Doc. 17 at 11). Older law generally found that a decree ordering a corporation to do an act was ineffective unless the injunction could also run against the corporation's directors personally. *See, e.g. Schuckman v. Rubenstein*, 164 F.2d 952, 957, 55 Ohio Law Abs. 65 (6th Cir. 1947) (holding that it was necessary for the court to have jurisdiction over a majority of the directors in order to direct payment of dividends); *Tower Hill Connellsville Coke Co. of W. Virginia v. Piedmont Coal Co.*, 33 F.2d 703, 706 (4th Cir. 1929) ("any effort on the part of the court below to direct the payment of any specific dividends by the [corporation] would be an effort to control the management of that company, and could not be done without making its officers and directors parties").

However, the general trend since *Kroese v. General Steel Castings Corp.*, 179 F.2d 760, 763-64 (3d Cir. 1949), *cert. denied*, 339 U.S. 983 (1950), is to find that injunctive relief against a corporation also runs against its directors where the judgment of the court obviates the need for anything except a ministerial act by the directors. The Third Circuit reasoned that the court was declaring rights protected by a rule of law, not calling upon the directors to exercise judgment. *Id.* Therefore, the duty to pay dividends is imposed by the court, not by a vote of the members of the board. *Id.* The Seventh Circuit similarly found, in a suit to force a corporate name change, that the action could proceed without naming the directors as defendants. *Hulbert Oil & Grease*

7

*Co. v. Hulbert Oil & Grease Co.,* 371 F.2d 251, 256 (7th Cir. 1966). The Seventh Circuit found meritless the defendants' argument that a mandatory injunction would otherwise be ineffective.

Lawsuits alleging that the directors themselves have committed a tort or similar wrongdoing, and relief is sought from the directors personally, require that those directors be named as defendants. *McRoberts v. Indep. Coal & Coke Co.,* 15 F.2d 157, 161 (8th Cir. 1926) (directors are not indispensable parties unless they themselves are the wrongdoers and relief is sought against them individually or in their official capacities); *Whiting Safety Catch Co. v. W. Wheeled Scraper Co.,* 148 F. 396, 396 (C.C.N.D. Ill. 1905) (holding that allegations that the principal stockholder and manager of the corporation conspired and did the acts complained of made joinder as a defendant proper); *Hutter v. De Q. Bottle Stopper Co.,* 128 F. 283, 283 (2d Cir. 1904) (holding, in the context of patent infringement, that an injunction against the corporation restrains all its officers, agents and servants, and there is little justification for making these persons defendants, except in rare instances where it is shown that they have infringed the patent as individuals or have personally directed infringement).

Here, Plaintiff seeks a declaration by the Court that the acts of the Board were made in bad faith and requests an injunction prohibiting the Board from violating the Bylaws. The Court agrees with the modern principle that an injunction against a corporation is effective against its agents and fiduciaries. This Court, with jurisdiction over Eagle Forum, can effectively order the injunctive and declaratory relief sought without joining as defendants the entire board of directors. Therefore, the Court will deny the motion to dismiss for failure to state a claim.

Venue

Defendant Eagle Forum argues in the alternative that venue is not proper. Venue is clearly a matter of procedure, and, as such, governed by federal law. *Hanna v. Plumer*, 380 U.S. 460 (1965). In a diversity case, venue is only proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Courts do not ask which district among two or more potential forums is the best venue, *Steen v. Murray*, 770 F.3d 698, 702 (8th Cir. 2014), because venue may be proper in more than one district, *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir.1995) (reasoning the general venue "statute does not posit a single appropriate district for venue; venue may be proper in any of a number of districts, provided only that a substantial part of the events giving rise to the claim occurred there"). Missouri need not be the "best" venue, *Setco Enters. Corp. v. Robbins,* 19 F.3d 1278, 1281 (8th Cir. 1994), nor must it have the most substantial contacts to the dispute, *see United States Surgical Corp. v. Imagyn Med. Techs., Inc.,* 25 F.Supp.2d 40, 43 (D.Conn. 1998). Instead, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2).

In reviewing a motion under § 1391(a)(2), the Court should focus on the relevant alleged wrongful activities of the defendant, not on the activities of the plaintiff or the lawful conduct of either party. *Woodke*, 70 F.3d at 985–86. Here, the main event giving rise to Plaintiff's claims is the January 28, 2017 meeting, which was held in St. Louis, Missouri. (Doc. 8-2). Although

9

the injunctive relief prohibiting the Board from holding this meeting is now moot, the other relief sought by Plaintiff arises directly from this allegedly ultra vires bad faith act by the Board. Therefore, the Court finds that venue in this district is proper because the single most substantial event giving rise to Plaintiff's claim occurred in this district.

Defendant further argues that even if venue is proper in Missouri, the Court should still transfer venue to Illinois because no Defendant lives in Missouri, Eagle Forum's principal place of business is Illinois, and transfer would serve the interests of justice. (Doc. 17 at 17-18). However, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer bears the burden of proving that a transfer is warranted. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). Defendant Eagle Forum has not met its burden here. Therefore, the motion to dismiss or, in the alternative, to transfer venue, will be denied.

Motion to Strike

Defendant Eagle Forum requests that the Court, pursuant to Federal Rule of Civil Procedure 12(f), strike Plaintiff's motion for temporary restraining order and motion for preliminary injunction because they are verbatim copies of the complaint, do not constitute proper motions for injunctive relief, and do not comply with the local rules governing motions. (Doc. 19 at 1). Upon review of the motion for temporary restraining order, the issues raised therein now appear to be moot. Similarly, the issues raised in the preliminary injunction are redundant, and some of them may also be moot. In any event, the Court will deny as moot the motion for temporary restraining order. It will deny without prejudice the motion for preliminary injunction and grant Plaintiff leave to refile. As a result, Defendant's motion to strike is moot.

10

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Eunie Smith, Cathie Adams, Rosina Kovar, and Carolyn McLarty's motion to quash service of summons and complaint (Doc. 6) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Eagle Forum's motion to dismiss or, in the alternative, to transfer (Doc. 16) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for temporary restraining order (Doc. 9) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that motion for preliminary injunction (Doc. 10) is **DENIED without prejudice.**

**IT IS FINALLY ORDERED** that Defendant Eagle Forum's motion to strike (Doc. 19) is **DENIED as moot.**

Dated this 7th day of September, 2017.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE