# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| ANDREW L. SCHLAFLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 4:17-CV-00283-JAR |
| vs. ) | |
| ) | |
| EAGLE FORUM, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Andrew L. Schlafly ("Plaintiff") submits this memorandum of law in support of his Emergency Motion for a Temporary Restraining Order and Preliminary Injunction.

## I.    NECESSITY OF IMMEDIATE INJUNCTIVE RELIEF

Defendant Eagle Forum plans to hold an illegal Board meeting this Friday, September 15, 2017, by excluding Plaintiff and other long-serving directors and including unauthorized ones. At this upcoming meeting, directors opposed by membership – and asked to resign by Eagle Forum's founder – plan to advance their program of dissipating assets of Eagle Forum for self-serving purposes.  Their upcoming meeting is based on illegal actions taken at a meeting they held on January 28, 2017, at 120 S. Central Avenue, Suite 700, Clayton, Missouri 63105 ("January Meeting").  At the January Meeting they improperly changed the Bylaws of Eagle Forum ("Bylaws"), and illegally replaced three directors supported by membership with three new directors.  At the upcoming meeting on September 15, the Eagle Forum Board (the "Board") is to nominate candidates for election to the At-Large position, a process from which the long-serving excluded directors should participate, and the improperly installed ones should not.

*Plaintiff's Brief in support of Motion for a Temporary Restraining Order and Preliminary Injunction*

Immediate injunctive relief is necessary to stop the illegal September 15th meeting and avert irreparable harm to Plaintiff, an excluded Board member.  All four factors for injunctive relief weigh heavily in favor of granting it.  *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*).  The Bylaws and applicable statutes prohibit the fundamental changes made to Eagle Forum at the January Meeting, and there was no advance notice of the scheme to modify the Bylaws and stack the Board with new additions.  (Verif. Petition Exh. 2 thereto - Doc. & Exh.2)  Illinois law expressly prohibits banning proxies for such a meeting, yet Defendant improperly did so in order to prevent participation by a director who cannot travel due to a physical disability.  (Verif. Petition ¶¶ 27, 38 & Exh. 2 thereto – Doc. 8 & Exh. 2)

Specifically, at its January Meeting Defendant purportedly removed from its Board John Schlafly, Kathleen Sullivan, and Plaintiff, and then added three new directors in violation of the Bylaws and applicable statutes.  Defendant Eagle Forum has failed to provide any minutes of the January Meeting to Plaintiff, even though he was (and should still be) a director of Eagle Forum.  It is unclear if the January Meeting even had a quorum.  It is clear that notice was lacking as required, and the super-majority needed may not have existed either.  Plaintiff is irreparably harmed by depriving him of his right to vote as a director and participate in Board meetings.

Plaintiff seeks a temporary restraining order and preliminary injunction preventing Defendant Eagle Forum, and any of its directors, from taking any action based directly or indirectly on their improper January Meeting.  Defendant Eagle Forum should also be enjoined from attempting to modify the Bylaws or hold any Board meeting without full compliance with the Bylaws in existence prior to the January Meeting, including notice requirements.  In addition, Plaintiff respectfully requests that Defendant be ordered to provide a full accounting to all Board members, including Plaintiff, of the expenses and revenue of Eagle Forum since that time.

*Plaintiff's Brief in support of Motion for a Temporary Restraining Order and Preliminary Injunction*

## II.      STATEMENT OF FACTS

Plaintiff Schlafly is a member of Defendant Eagle Forum and one of its longstanding directors, serving in that position for approximately fifteen (15) years.  (Verif. Petition ¶ 1 – Doc. 8)  Defendant Eagle Forum is a nonprofit corporation registered with the Missouri Secretary of State and incorporated in Illinois.  (*Id.* ¶ 2)  Eagle Forum is a non-partisan membership organization that regularly conducts business in St. Louis County, including co-sponsoring an annual meeting of membership in September which in the past has typically been held in St. Louis County.  (*Id.* ¶ 3)

As a nonprofit IRS Section 501(c)(4) organization, Eagle Forum is required by statutes and the judicial authority of Missouri, Illinois, and the United States, to serve the public good, not merely the interests of a small group of directors, in managing its assets of millions of dollars in donations accumulated since its founding in 1975.  (*Id.* ¶ 10)   Eagle Forum is prohibited by its own Bylaws from spending money in support of political candidates for office.  (Bylaws Art II § 5, Art VIII § 5, Art. X § 4 – attached as Exh. A to the Declaration of Plaintiff)

As indicated by this Court in its opinion dated September 8 [Doc. 31, pp. 2-3] and expanded upon by Plaintiff's Declaration here, one faction of the Board insisted on supporting a particular candidate for nomination by the Republican Party, namely Ted Cruz, who was ultimately unsuccessful.  (Declaration of Plaintiff, ¶ 7)  That pro-Cruz faction included Rosina Kovar ("Kovar"), who purports to be the At-Large Director of Eagle Forum on behalf of membership, despite remaining in her position beyond the limit in the Bylaws of two consecutive terms and after membership voted to replace her.  (*Id.*; Verif. Petition ¶ 6)  Over 200 of the most active members of Eagle Forum have signed an online petition calling on Kovar and her faction

*Plaintiff's Brief in support of Motion for a Temporary Restraining Order and Preliminary Injunction*

on the Board to resign,[1] resignations also expressly requested of them by the late Eagle Forum

founder, Phyllis Schlafly.  (*Id.* ¶¶ 11-12)   Yet Kovar and her faction on the Board have refused,

and continue to defy the wishes of the membership of Eagle Forum and dissipate their assets.

(*Id.* ¶¶ 13, 16-18)   Kovar and her faction falsely promised to the membership of Eagle Forum

that they were searching for a new leader of Eagle Forum, when in fact they never earnestly

sought one and simply grabbed the assets for their own benefit.  (*Id.* ¶¶ 13-14)  Specifically,

Kovar's faction seeks to maintain control of Eagle Forum in order to reimburse themselves for

their own massive expenses, out of donations made to Eagle Forum.  (*Id.* ¶ 15)   The actions of

Kovar's group are overwhelmingly opposed by the membership of Eagle Forum.  (*Id.* ¶¶ 19-21)

Defendant Eagle Forum held an improper meeting of several of its Board members, in

violation of the Bylaws, on January 28, 2017, at 120 S. Central Avenue, Suite 700, Clayton,

Missouri 63105.  (*Id.* ¶ 9)   In addition to purportedly removing Plaintiff as a director, at this

meeting Defendant supposedly removed from its Board John Schlafly, who is the late Phyllis

Schlafly's eldest son and her most knowledgeable, trusted part of Eagle Forum, as well as

Kathleen Sullivan, one of Phyllis Schlafly's closest, most trusted advisors who stayed with

Phyllis Schlafly, at her request, during the final months of her life.  (*Id.*  ¶ 26)

Plaintiff moves here to enjoin Defendant from holding its upcoming September 15th

Board meeting as based on its unlawful January Meeting.  (Declaration of Schlafly, ¶ 6)  Plaintiff

thereby seeks to avert additional Bylaws and statutory violations that would cause irreparable

harm to Plaintiff and to membership, and be detrimental to the public good.

---

[1] https://www.ipetitions.com/petition/resignation-of-rogue-directors (viewed Sept. 9, 2017).

*Plaintiff's Brief in support of Motion for a Temporary Restraining Order and Preliminary Injunction*

### III.    PROCEDURAL HISTORY

On January 19, 2017, Plaintiff filed this lawsuit as a Verified Petition in the 21st Judicial District of the Circuit Court of St. Louis County, Missouri, captioned *Andrew L. Schlafly v. Eagle Forum, et al.*, No. 17SL-CC00259, seeking a temporary restraining order and preliminary injunction against the January Meeting to be held nearby in Clayton.  [Doc. 1-1, Verif. Pet. p. 10]  Defendant Eagle Forum was properly served, and a hearing was scheduled for the morning of January 26, 2017, two days prior to the January Meeting.  On the eve of the hearing, Defendant Eagle Forum removed this matter to federal court [Doc. 1], thereby preventing the state court from adjudicating the merits.

Plaintiff moved on February 2, 2017, for a remand [Doc. 27], which was denied by this Court on September 8, 2017.  [Doc. 30]  On that same date this Court also resolved all other pending motions [Doc. 31], including several that had become moot.  Most notably, in one of its rulings on September 8 [Doc. 31] this Court denied Defendant's motion to dismiss or, in the alternative, to transfer this case [Doc. 16], and this Court held that it would be sufficient for Plaintiff to proceed against Defendant Eagle Forum alone to attain the sought-for injunctive relief.  [Doc. 31]  This ruling by the Court made it clear that it would retain jurisdiction here "because the single most substantial event giving rise to Plaintiffs claim occurred in this district" (*Id.* at 10), and that Plaintiff may proceed against Defendant alone because "an injunction against a corporation is effective against its agents and fiduciaries … without joining as defendants the entire board of directors."  (*Id.* at 8)

The Court expressly "grant[ed] Plaintiff leave to refile" his motion for Preliminary Injunction.  (*Id.* at 10)  Plaintiff does so here.

*Plaintiff's Brief in support of Motion for a Temporary Restraining Order and Preliminary Injunction*

## IV.    ARGUMENT

The requested temporary restraining order and preliminary injunction should be granted because: (1) Plaintiff is likely to succeed on the merits; (2) unless enjoined, Defendant's conduct will inflict irreparable harm on Plaintiff and membership; (3) any harm Defendant may suffer if enjoined is far outweighed by the irreparable harm Plaintiff and membership will suffer if injunctive relief is not granted; and (4) the public interest will be advanced by the requested relief, and certainly not harmed. *See Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013) (citing the familiar *Dataphase* factors); *Heartland Acad. Cmty. Church v. Waddle*, 335 F.3d 684, 690 (8th Cir. 2003) (only a fair probability of success on the merits is required to succeed under *Dataphase*).  As shown below, each of these elements supporting injunctive relief is fully satisfied.

### A.  Plaintiff Is Likely to Succeed on the Merits.

Plaintiff is likely to succeed on the merits because the violation of the Bylaws, and of Illinois and Missouri law, by Defendant is clear-cut and cannot be seriously disputed.  Notice was plainly lacking for far-reaching changes attempted by Defendant at its January Meeting, which was an improper interim meeting for making such sweeping changes.  There are multiple compelling reasons requiring invalidation of the January Meeting, and no Board meeting can be properly held by Defendant on September 15th that includes directors improperly installed at the January Meeting, that excludes longstanding directors such as Plaintiff, and that uses altered Bylaws as wrongly modified at the January Meeting.

### 1.  The January Meeting Violated the Bylaws by Replacing Directors at a Special Rather than Annual Meeting, and By Failing to Provide Adequate Notice.

The undisclosed purpose of the special January Meeting was to replace three directors with three new ones, which the Bylaws prohibit at such an interim meeting.   Under the Bylaws,

*Plaintiff's Brief in support of Motion for a Temporary Restraining Order and Preliminary Injunction*

the Board may elect new members only "[a]t the ***annual meeting*** in the odd-numbered years." Art. V, § 4 (emphasis added).  This Bylaws requirement was followed throughout the 42-year history of Eagle Forum, and makes eminent sense because members attend the annual meetings, which are held in September each year.  (Verif. Petition ¶¶ 3, 20, 30, 33)  Special meetings of the Board of Eagle Forum, as the January Meeting was, are not authorized by the Bylaws to make sweeping changes to the organization by electing a bloc of new Board members.

Under both Illinois and Missouri law, Defendant's remove-and-replace was also illegal.[2] The January Meeting was held in Missouri, and under Missouri law removal of directors of a nonprofit organization such as Eagle Forum can occur "only if the number of votes cast to remove the director would be sufficient to elect the director ***at a meeting to elect directors***." MO. REV. STAT. § 355.346(3) (emphasis added).  The Bylaws require that such election of directors occur only at the annual meeting under the Bylaws, which the January Meeting was not.  The January Meeting may have additionally failed to satisfy the two-thirds super-majority requirement in the Bylaws.  Under Illinois law the January Meeting was also illegal because it banned proxy voting, as explained in the next section below.  (Point IV.A.2)

Morever, and just as important, the January Meeting violated both the Bylaws and Robert's Rules of Order by failing to provide adequate notice of the sweeping changes. Meetings to enact such fundamental changes in an organization require sufficient notice to directors of what those intended major changes are.  No such notice was ever provided that some directors would attempt to add three new board members and change the Bylaws at the interim January Meeting.  "These Bylaws may be amended by unanimous vote of the Board of Directors,

---

[2] Illinois and Missouri law do not conflict on this point, and Defendant – as a registered corporation in both states – should have complied with both.  In fact, Defendant complied with neither.

*Plaintiff's Brief in support of Motion for a Temporary Restraining Order and Preliminary Injunction*

or by the affirmative vote of two-thirds of all the Directors then serving, ***provided notice of the proposed changes is mailed to each Director*** at least ten days in advance of the meeting."

(Bylaws Art. XII, § 1)  Robert's Rules of Order Newly Revised, which the Bylaws incorporate

(Bylaws Article XII, § 2) and which Defendant improperly tried to remove from the Bylaws at

their January Meeting, also prohibits conducting business at a special meeting without proper

notice:  "The only business that can be transacted at a special meeting is that which has been

specified in the call of the meeting."  RONR (11th ed.) p. 9, ll. 3-4.

No minutes for the January Meeting have ever been provided to the directors purportedly

removed at it.  It is unclear if the January Meeting even had a quorum; or if fraudulent reasons

were used for the purported removal; or if there was proper deliberation or discussion of the

sweeping changes and attempted removal of longstanding directors.  The non-partisan mission of

Eagle Forum, as required by the Bylaws, was plainly violated by this highly partisan purge

attempted at the January Meeting without adequate notice or compliance with the Bylaws.

## 2.   The Denial of Proxy Voting as a Condition of the January Meeting Was a Violation of Law.

Under Illinois law, which Defendant itself insists applies because it is incorporated there,

proxy voting must be allowed in order to remove a Director from the Board of a membership

nonprofit organization.  805 Ill. 105/108.35(c)(1).  Yet Defendant violated this requirement by

expressly prohibiting the use of a proxy by a director who has a physical disability preventing

her from travelling, LaNeil Spivy.  (Verif. Petition ¶¶ 27, 38 & Exh. 2 thereto)  That unlawful

exclusion of a director from the January Meeting, in addition to being discriminatory, rendered

the January Meeting itself invalid and the sweeping changes attempted at it null and void.

Defendant asserts that LaNeil Spivy resigned shortly before the meeting, but perhaps she would

not have resigned had she not been unlawfully excluded from the January Meeting.

*Plaintiff's Brief in support of Motion for a Temporary Restraining Order and Preliminary Injunction*

**3. The Addition of New Board Members at the January Meeting Was in Violation of the Bylaws.**

There was a lack of the required notice and a lack of an annual meeting in January for adding new directors.  The new directors were not identified in the notice for the meeting, and indeed there was no suggestion in the notice for the meeting that any new Board members would even be considered or voted upon.  (Verif. Petition Exh. 2 – Doc. 8-2)  Under Defendant's procedure it could have arbitrarily installed by surprise any bloc of three undisclosed and unvetted new directors in order to advance the self-serving agenda of a faction on the Board.  That is not what the Bylaws allow, it is not what Robert's Rules of Order allows, and it is not what statutory law allows, particularly for a tax-exempt organization required to act in the public interest, as Defendant Eagle Forum is.

Such calculated surprises by Defendant are plainly contrary to parliamentary procedure, and are null and void.  If allowed, then any faction of any Board could take over any organization by plotting secretly beforehand to install a new group of allies on the Board.  Both Eagle Forum Bylaws and Robert's Rules prohibit such chicanery.  The purported newly elected Board members were not properly elected, and the three removed directors must continue to remain in their positions under the Bylaws because no successors have yet been elected.  (Bylaws Art. V § 4)  The upcoming September 15th meeting cannot be held with the impostor Board members participating and casting votes, and this upcoming meeting must be enjoined.

**4. The Changing of the Bylaws Was Improper.**

Eagle Forum's Bylaws may be amended only by "unanimous vote of the Board of Directors, or by the affirmative vote of two-thirds of all the Directors then serving, provided notice of the proposed changes is mailed to each Director at least ten days in advance of the meeting."  Bylaws Art. XII, § 1.  It is axiomatic that any change to the Bylaws requires advance

*Plaintiff's Brief in support of Motion for a Temporary Restraining Order and Preliminary Injunction*

notice of that purpose for a meeting.  The Bylaws require this, Robert's Rules of Order Newly

Revised require this, and common sense requires it.

Defendant provided no notice of proposed Bylaws amendments before the special

January 28, 2017, meeting.  Yet, at that meeting, Defendant purportedly removed Robert's Rules

of Order Newly Revised from its incorporation into the Bylaws and made additional substantive

changes.  (Declaration of Plaintiff, ¶¶ 4-5)  All those changes must be declared null and void,

and the upcoming September 15th Board meeting must not be allowed based on invalid Bylaws.

Due to Defendant's improper modification of the Bylaws, Defendant should be enjoined

from changing the Bylaws again without full notice to membership and leave from this Court.

## 5.   The Lack of Transparency Is Improper.

As a non-profit membership organization, Defendant should be transparent to its

members, and solicitous of them.  Defendant has not been, and by acting contrary to membership

Defendant has provided a strong basis for additional reasons to enjoin it.

The wholesale removal and replacement of three valuable directors from the Board of

Eagle Forum, at an interim rather than an annual meeting, failed to satisfy minimal duties of

Defendant.  No minutes have been disclosed, and indeed membership has been kept in dark both

before and after the January Meeting as to why a faction on the Board did this.  (Verif. Petition ¶

22)  There are no plausible justifications for Defendant's conduct.  The overwhelming majority

of members oppose the coup attempt.  (Verif. Compl. ¶¶ 12, 19-22 – Doc. 8)

There has been a complete lack of financial transparency by the takeover faction of the

Board, concealing a dissipation of assets for their own benefit.  Since early 2016, the faction has

acted and voted lockstep with each other on every issue, with virtually no discussion, debate, or

*Plaintiff's Brief in support of Motion for a Temporary Restraining Order and Preliminary Injunction*

dissension, as though there is an undisclosed financial agreement that binds them.  (Declaration of Plaintiff, ¶ 11)  Any such financial incentive for voting by directors would be cause for immediate removal of them by a court.  Plaintiff has not yet had the benefits of discovery, but the inference of the possibility of such an incentive is sufficient at this stage and the rapid dissipation of assets of Defendant without transparency to members reinforces the need to preserve the status quo by the requested injunctive relief.  *See In re Transkaryotic Therapies, Inc.*, 954 A.2d 346, 371-73 (Del. Ch. 2008) (direct evidence of a side deal is not required, and an inference of such is sufficient to create a genuine issue of material fact and defeat a motion for summary judgment in connection with a board's breach of fiduciary duty).  Plaintiff estimates that Defendant is dissipating assets by as much $100,000 per month, without any means for recovery, and some of that dissipation has already benefited a few directors personally.  (Declaration of Plaintiff, ¶¶ 9-10)

### 6.  Defendant Violates Its Mission and Its Duty to Membership.

Defendant Eagle Forum is expressly a ***non-partisan*** membership organization.  (Bylaws Art. I, § 2, Art. II, §§ 2, 5 – attached as Exh. A to Declaration of Plaintiff).  It was a violation of the mission of Eagle Forum, and a breach of fiduciary duty to the membership, for Defendant to allow several directors to purge the Board of everyone who had declined to support Ted Cruz for president, as the January Meeting attempted to do.  (Declaration of Plaintiff, §§ 7-8)

The subsequent dissipation of assets by Defendant is a further breach of duty to membership.  For example, Eunie Smith and Anne Schlafly Cori treated themselves to lavish hotel stays at the Ritz-Carlton in May of this year, at the expense of the non-profit Eagle Forum.  (Declaration of Plaintiff, ¶ 9)  Ms. Cori apparently arranged for Eagle Forum to purchase for her

*Plaintiff's Brief in support of Motion for a Temporary Restraining Order and Preliminary Injunction*

a "Gold Circle" membership, costing many thousands of dollars, in the Council of National Policy, something that Phyllis Schlafly herself declined to do.  (*Id.*)

**B. Plaintiff Will Suffer Immediate and Irreparable Harm Absent an Injunction.**

Both as a member and as a director, Plaintiff would suffer immediate irreparable harm if Defendant is allowed to continue its violations of the Bylaws at its September 15th meeting, where Plaintiff is prevented from participating and voting.  (Declaration of Plaintiff, § 12)

It is well-established that a deprivation of the right to vote in a corporation, or interference with an ability to obtain representation on the board of directors, is irreparable harm. "Courts have consistently found that corporate management subjects shareholders to irreparable harm by denying them the right to vote their shares or unnecessarily frustrating them in their attempt to obtain representation on the board of directors." *AHI Metnall, L.P. by Ahi Kan., Inc. v. J.C. Nichols Co.*, 891 F. Supp. 1352, 1359 (W.D. Mo. 1995) (compiling numerous authorities for this basic principle, inner quotations omitted).

Defendant has wrongly excluded Plaintiff from the upcoming September 15th Board meeting, at which Plaintiff should be able to attend and vote as a director.  Moreover, the Bylaws require that the Board nominate candidates for the At-Large director on the Board who would represent membership, including Plaintiff himself, and Defendant is thereby wrongly excluding Plaintiff from that nomination process too.  (Bylaws Art. V, § 5; Declaration of Plaintiff, § 12)

Plaintiff has no remedy at law for Defendant's violations of the Bylaws and Illinois and Missouri law.  (Verif. Petition ¶ 47 – Doc. 8)  "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *GMC v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009).  Plaintiff

*Plaintiff's Brief in support of Motion for a Temporary Restraining Order and Preliminary Injunction*

cannot be compensated, let alone fully so, for this harm through an award of damages, and thus he has shown irreparable harm.

Moreover, absent an injunction, Defendant will continue to dissipate and divert substantial funds, some contributed by Plaintiff, and disburse Eagle Forum assets improvidently without the full ability of Plaintiff, as a director, to monitor, disclose or recoup the dissipation. (Verif. Petition ¶ 46; Declaration of Plaintiff, ¶ 10)

Plaintiff further suffers irreparable harm in the absence of relief by not being able to identify himself as a Director of Eagle Forum on a radio show that he has been co-hosting on a nationally broadcast show on K-TALK radio (AM 630), during which he was previously identified to the listening audience as a Director of Eagle Forum.  (Verif. Petition ¶¶ 44-45)

### C.  The Harm To Defendant Eagle Forum Is Non-Existent, or Comparatively Slight.

Defendant Eagle Forum will suffer no harm if injunctive relief is ordered.  Indeed, it will benefit because the injunctive relief will help restore the central role of membership, and stem the wrongful dissipation of assets of the organization.  Injunctive relief would preserve the status quo of as prior to the January Meeting, when Defendant was stronger than it is today.  The greater harm to Defendant would occur if the requested injunctive relief were not granted.

### D.  The Public Interest Will Be Served by Plaintiff's Requested Injunctive Relief.

Plaintiff seeks injunctive relief to require compliance with the Bylaws by a nonprofit, tax-exempt organization, and compliance with applicable state laws.  Plaintiff's request is in furtherance of the public interest.

The conduct complained of here, in Defendant's allowing actions by a self-serving faction disapproved by membership, is contrary to the public good.  Enjoining Defendant would

13

*Plaintiff's Brief in support of Motion for a Temporary Restraining Order and Preliminary Injunction*

advance the public interest.  Defendant is a non-partisan entity that receives a tax-exemption in order to serve the public good, and it needs to comply with its Bylaws and statutory law.

The requested injunctive relief would help stop the dissipation of assets of Eagle Forum for the personal benefit of a few insiders, such as their apparent use of Eagle Forum funds to enjoy the lavish Ritz-Carlton hotel and purchase at great expense a "Gold Circle" membership that Phyllis Schlafly herself declined to do.  (Declaration of Plaintiff, ¶ 9)

This public interest factor weighs heavily in favor of the requested injunctive relief.

## Conclusion

Based on the above, Plaintiff respectfully requests that this Court enter the proposed Temporary Restraining Order against Defendant, and all its officers and directors, until such time as the Court can convene a hearing on Plaintiff's request for a preliminary injunction. Specifically, Plaintiff seeks to enjoin Defendant from holding its upcoming Board meeting on September 15, 2017, or at any other time until Plaintiff is heard on his request for a preliminary injunction.  Plaintiff requests that Defendant be enjoined from taking any action directly or indirectly based on its January Meeting or in violation of the Bylaws in effect shortly before that meeting.  Plaintiff also requests that Defendant fully restore the membership of its Board of Directors to those who were directors shortly prior to the January Meeting.  In addition, Plaintiff requests that Defendant provide an accounting of the expenses and revenue of Defendant since the January Meeting to all those who were directors shortly prior to that meeting.  In light of the non-profit nature of this dispute, Plaintiff requests waiver of any bond requirement.

/s/ Andrew L. Schlafly (2529097NY)
Andrew L. Schlafly (*pro hac vice*)
939 Old Chester Road
Far Hills, New Jersey 07931
908-719-8608
aschlafly@aol.com
Dated: September 11, 2017          Attorney for Plaintiff Andrew L. Schlafly