# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANDREW L. SCHLAFLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-00283-JAR |
| | ) |
| EAGLE FORUM, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

This matter is before the Court on Defendant Eagle Forum's amended motion to file an attachment ex parte. (Doc. 45). Plaintiff Andrew L. Schlafly opposes the motion. (Doc. 53).

On September 14, 2017, the Court denied Plaintiff's second emergency motion for temporary restraining order after a hearing. The Court awarded attorney's fees and costs to Eagle Forum and ordered it to submit a statement of costs incurred in defending the motion for temporary restraining order. (Doc. 42). Defendant Eagle Forum thereafter sought to file its statement of costs ex parte, claiming that the invoice contained privileged information and that a redacted copy would not prejudice any party. It attached to its motion an un-redacted copy of the invoice for the Court's review and provided a redacted copy to Plaintiff. The redacted copy redacted everything contained in the invoice with the exception of the name and address of the firm representing Eagle Forum.

Plaintiff filed his opposition to the motion, contending that Eagle Forum failed to

produce admissible evidence in support of its demand for attorney's fees, such as an affidavit or declaration supporting the amount of time spent, the reasonableness of the billing rates sought, or what Eagle Forum was actually obligated to pay. Moreover, Plaintiff argues that Eagle Forum's redaction violated his right to due process, which Plaintiff contends entitles him to review the specific billing entries.

The district court has great discretion in determining the proper amount of reasonable attorneys' fees to be awarded in a case where a party has been sanctioned. *Wescott Agri–Products, Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1094 (8th Cir. 2012). However, when imposing sanctions, the Court must comply with the mandates of due process in assessing fees. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). Here, Eagle Forum provided Plaintiff with a billing statement that was redacted in its entirety. By doing so, Eagle Forum has effectively deprived Plaintiff of the opportunity to review and respond to the entries, hourly rate, or amount of time spent on each task. Therefore, the Court will deny without prejudice Eagle Forum's motion and direct Eagle Forum to file an unredacted copy of the billing statement. If Eagle Forum still wishes to redact a portion of the billing statement, the Court will entertain another motion with a memorandum of law in support of Eagle Forum's contention that such redaction is permissible.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Eagle Forum's motion for leave to file an attachment ex parte (Doc. 48) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Defendant Eagle Forum will file, on or before **November 30, 2017,** either an unredacted copy of the invoice, or a redacted copy of the

invoice attached to a motion and memorandum of law in support.

Dated this 16th day of November, 2017.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE