# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANDREW L. SCHLAFLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:17-CV-00283-JAR |
| | ) |
| EAGLE FORUM, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

Before the Court is Defendant Eagle Forum's motion for attorney's fees (Docs. 45 and 46). Plaintiff Andrew Schlafly ("Schlafly") opposes the motion (Docs. 49, 53, and 61). The matter is fully briefed and ready for disposition. For the reasons set forth below, Eagle Forum's motion will be granted in part.

## BACKGROUND

Schlafly filed this action on January 19, 2017, seeking, among other things, a temporary restraining order and preliminary injunction centering on a board meeting scheduled to be held on January 28, 2017 ("January meeting"). Schlafly contends that he was improperly removed at the January meeting and asserts that, as a result, he was irreparably harmed. Although Schlafly initially sought a temporary restraining order from this Court enjoining the individual Defendants from holding the January meeting, Schlafly agreed to cancel the hearing because an identical motion had been filed and was set for a hearing before the Madison County Court in Illinois, which was handling related litigation between the

1

parties.[1]

On September 7, 2017, the Court ruled on a number of pending motions, including Defendant Eagle Forum's motion to dismiss or, in the alternative, transfer. (*See* Doc. 31). Four days later, Schlafly filed a second motion for emergency temporary restraining order, seeking a Court order preventing the Eagle Forum Board from proceeding with a meeting scheduled to take place on September 15, 2017. (Doc. 33). Due to the imminent nature of the meeting sought to be enjoined, the Court set the matter for a hearing on September 14, 2017. (Doc. 34).

Schlafly appeared at the hearing in person and was accompanied by his brother, John Schlafly, who, it was represented to the Court, was acting as a paralegal. (Tr. 1). Defendant Eagle Forum appeared through counsel. After oral argument, the Court denied Schlafly's second motion for temporary restraining order. The Court found that Schlafly was unlikely to succeed on the merits; that Plaintiff would not suffer irreparable harm if the September 15 meeting were to proceed because the harm occurred at a previous January meeting; that the balance of harms favored Defendant Eagle Forum; and that the element of public interest did not favor either party. (Tr. 32-34).

The Court took judicial notice of the history of litigation between the individuals and entities related to or affiliated with Phyllis Schlafly.[2] (Tr. 15-16). Upon review of the pattern

---

[1] The litigation in Madison County was filed against Ed Martin and John Schlafly by Anne Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirely Curry, also referred to as the Majority Directors of Eagle Forum. *See Cori v. Martin*, No. 2016MR000111 (Ill. Cir. Ct. Oct. 20, 2016).

[2] *See Cori v. Phyllis Schlafly's American Eagles*, 3:16-CV-946-DRH-RJD (S.D. IL Filed August 24, 2016); *Phyllis Schlafly Revocable Trust, et al., v. Anne Cori, et al.*, 4:16-CV-01631-JAR (E.D. Mo. filed Oct. 19, 2016); *In re the Estate of Phyllis Schlafly*, No. 16SL-

of litigation, the Court was concerned about Schlafly's previous conduct filing identical motions for temporary restraining order in St. Louis County Circuit Court and Madison County court.[3] (Tr. 21). The Court opined it could come to no conclusion other than that the instant motion for temporary restraining order was designed to harass Defendant Eagle Forum and contribute to an effort to tie up its present directors in various lawsuits.[4] (Tr. 35). As a result, the Court granted Defendant Eagle Forum's request for attorney's fees and costs and directed it to submit its fees and costs for review by the Court. (Tr. 35-36). The Court also permitted Schlafly to submit any objections. (Tr. 36).

On September 25, 2017, Defendant Eagle Forum filed its motion for attorney's fees and accompanying motion to file its billing statement as an ex parte attachment, which it contends contains privileged attorney-client information and litigation strategies protected under the work product doctrine. (Doc. 50). Schlafly filed objections to both motions.

On November 30, 2017, the Court denied without prejudice Defendant Eagle Forum's motion to file its billing statement as an ex parte attachment and directed it to either file an unredacted copy of its billing statement, or a redacted billing statement attached to a motion

---

PR03888 (Mo. Cir. Ct. Dec. 13, 2016); *Andrew L. Schlafly v. The Lincoln National Life Insurance Company & John Hancock Life Insurance Company v. Ann Schlafly Cori, et al.*, No. 2:17-CV-02522-ES-SCM (D.C.N.J. Apr. 2017).

[3] Schlafly argued that he was not a party to the Madison County action, and that "other parties" filed the identical motion in Madison County. Notably, his brother, John Schlafly, is a defendant in that litigation.

[4] In support of its response in opposition to Schlafly's second emergency motion for temporary restraining order, Defendant Eagle Forum attached as an exhibit an email from Andrew Schlafly to John Schlafly and Ed Martin setting forth a strategy for embroiling the Majority Directors in litigation over the assets of Eagle Forum for years and prevent the Majority Directors from accomplishing the mission of Eagle Forum. (Doc. 38-3). Schlafly offered no objection to the exhibit, nor did he refute its contents.

and memorandum in support. (Doc. 59). Defendant Eagle Forum timely complied and submitted an unredacted billing statement. (Doc. 60). Plaintiff then filed his renewed opposition to the motion for attorney's fees. (Doc. 61). He argued that the request for attorney's fees was deficient because it was submitted without an affidavit in support; there was no evidence concerning the reasonableness of billing rates; and that the billing entries had a number of errors, contradictions, and duplications. Eagle Forum filed a reply in opposition. (Doc. 62).

## **DISCUSSION**

Courts have a number of implied powers necessary to manage their own affairs and achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). These inherent powers include the imposition of sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975); s*ee also Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 796 (1987) ("The ability to punish disobedience to judicial orders is regarded as essential to ensuring that the Judiciary has a means to vindicate its own authority without complete dependence on other Branches."). Like all applications of inherent power, the authority to sanction bad-faith litigation practices can be exercised only when necessary to preserve the authority of the court. *Chambers*, 501 U.S. at 64.

One permissible sanction is an assessment of attorney's fees whereby the court instructs a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). The Supreme Court has made clear that a fee award may go no further than to redress the wronged party "for losses sustained"; it may not impose an additional amount as punishment for the

4

sanctioned party's misbehavior. *Id.* In other words, the Court can shift only those attorney's fees incurred because of the misconduct at issue. *Id.*

Here, the Court identified specific instances of Schlafly's misconduct, the most recent of which was filing a second motion for temporary restraining order in what appeared to the Court to be a blatant effort to tie up the resources of Defendant Eagle Forum. Schlafly's assertion that he was not a named party to the Madison County lawsuit and, as a result, could not be responsible for the identical motion filed in that case is unpersuasive, particularly in light of the fact that his brother, who attended the hearing, is a key defendant in that litigation.

Furthermore, it was clear to the Court that in his second motion for temporary restraining order, Schlafly was merely trying to relitigate issues set forth in his first motion for temporary restraining order. This is evidenced by Schlafly's repeated references to events that took place at the January meeting and his grievances related to his removal at that meeting and the change in bylaws. (*See* Tr. 5, 9, 11, 12).

Therefore, based on Schlafly's conduct when he first sought a temporary restraining order, as well as his attempt to relitigate the same issues in a subsequent motion for temporary restraining order, the Court will award Defendant Eagle Forum the reasonable attorney's fees it incurred in defending the second motion for temporary restraining order. *See Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1187 ("a sanction counts as compensatory only if it is calibrated to the damages caused by the bad-faith acts on which it is based. A fee award is so calibrated if it covers the legal bills that the litigation abuse occasioned.").

<u>Reasonableness of Attorney's Fees</u>

Schlafly first contends that Defendant Eagle Forum's submission of attorney's fees is deficient because it was filed without an affidavit in support. However, a sworn affidavit is

5

just one piece of evidence that a district court may consider when determining the reasonableness of attorney's fees. *See Willis v. Glob. Power Glob. Wealth Enterprises, LLC*, No. 4:06-CV-758-CAS, 2008 WL 619389, at *4 (E.D. Mo. Mar. 3, 2008) (holding that an unsworn memorandum from counsel estimating the amount of time spent on the case firm-wide and a range of hourly rates generally charged by the firm was insufficient without other evidence, such as "billing statements, contingency agreements, receipts, invoices, affidavits of counsel, etc., to support an award of attorneys fees").

Schlafly's argument that no award can be granted because Defendant Eagle Forum submitted no evidence concerning the reasonableness of billing rates is similarly unavailaing. "The trial court is considered an expert on the question of attorney's fees." *Trim Fit, LLC v. Dickey*, No. 4:06-CV-49 CEJ, 2008 WL 4838150, at *7 (E.D. Mo. Nov. 6, 2008), *aff'd and remanded*, 607 F.3d 528 (8th Cir. 2010) (citing *McClain v. Papka*, 108 S.W.3d 48, 54 (Mo. Ct. App. 2003). "In the absence of contrary evidence, the trial court is presumed to know the character of services rendered regarding duration, zeal and ability, and to know the value of them according to custom, place, and circumstance." *Id.* Moreover, Plaintiff's contention that no award can be granted because Defendant Eagle Forum submitted no evidence that the client is obligated to pay the bill is, at best, based on pure speculation and does not weigh heavily against awarding attorney's fees.

Plaintiff finally contends that the amount of attorney's fees incurred by Defendant Eagle Forum is excessive and contains errors, contradictions, and duplications. The Court agrees in part. A district court has broad discretion to calculate fee awards under its inherent sanctioning authority. *Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1184. A fee award must be calibrated to cover the legal bills that the litigation abuse occasioned. *Id.* at 1186. "Federal

courts sitting in diversity can use their inherent power to assess attorney fees as a sanction for bad faith conduct even if the applicable state law does not recognize the bad faith exception to the general rule against fee shifting." *Stevenson v. Union Pac. R. Co.*, 354 F.3d 739, 751 (8th Cir. 2004).

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. *Id.* The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Id.* Where the documentation of hours is inadequate, the district court may reduce the award accordingly. *Id.* The district court should exclude from the initial fee calculation hours that were not reasonably expended, and counsel for the prevailing party should exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *Id.* at 434.

Here, counsel for Defendant Eagle Forum submitted an invoice for the work performed by two attorneys for four days of work. One attorney, JPS, billed 24.3 hours, and attorney ZRM billed 28.6 hours. Based on the relative billing rates of each attorney, the total amount charged for professional services was $14,940.00. The billing can roughly be divided as follows:

|  | JPS | ZRM | Total |
|---|---|---|---|
| Research | 1.7 hours | 5.6 hours | $1,855 |
| Review of Plaintiff's filings | 2.1 hours | 2.9 hours | $1,387.50 |
| Preparation of briefs and declaration in opposition to second motion for TRO and other filings | 9.3 hours | 15.6 hours | $6,765 |
| Preparation for oral argument | 5 hours | 2.1 hours | $2,222.50 |
| Attend Oral Argument | 1.9 hours | 2.4 hours | $1,205 |
| Communications (client and other); miscellaneous | 4.3 hours | N/A | $1,505 |

Here, the Court finds that spending almost 30 hours on reviewing filings and preparing a brief in opposition to a temporary restraining order is excessive. While there is no precise formula or rule for determining how to reduce a fee determination, the district court may identify specific hours that should be eliminated or simply reduce the award. *See id.* at 437. In light of the circumstances identified, the Court will in its discretion reduce by half the hours spent in these two categories, for a total of $4,076.25. In addition, only one attorney argued Defendant Eagle Forum's response in opposition to the second motion for temporary restraining order at the hearing. Therefore, the Court will not include in the fee award a portion of the time billed by the attorney who did not argue the motion.

## CONCLUSION

Plaintiff Andrew Schlafly has exhibited bad faith conduct by filing a second motion for temporary restraining order, which the Court believes was designed to harass Defendant Eagle Forum and contribute to an effort to tie up its present directors in various lawsuits. Plaintiff was provided with an opportunity to oppose the award of attorney's fees in this matter. Based on its observations at the hearing, the filings, and Defendant Eagle Forum's statement of attorney's fees, the Court will award Defendant Eagle Forum $9,851.25 for the attorney's fees incurred in defending Schlafly's second motion for temporary restraining order, which was reduced from $14,940 for the reasons set forth in this opinion. *See Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1187 (internal citation omitted) (when calculating the amount of attorney's fees, a district court "may take into account [its] overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Eagle Forum's motions for attorney's fees (Docs. 45 and 46) are **GRANTED in part.**

**IT IS FURTHER ORDERED** that attorney's fees totaling $9,851.25 are assessed against Plaintiff Andrew Schlafly.

**IT IS FINALLY ORDERED** that on or before **February 26, 2018**, Defendant Eagle Forum shall respond to Plaintiff's Complaint.

Dated this 5th day of February, 2018.

                                             JOHN A. ROSS
                                             UNITED STATES DISTRICT JUDGE