UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREW L. SCHLAFLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-00283-JAR |
| | ) |
| EAGLE FORUM, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

This matter comes before the Court on Defendant Eagle Forum's motion to dismiss. (Doc. No. 64). Plaintiff Andrew Schlafly opposes the motion. (Doc. No. 65). For the reasons set forth below, the motion to dismiss will be granted in part, and Plaintiff will be granted leave to file an amended complaint.

## BACKGROUND

Plaintiff seeks a declaratory judgment that a January 28, 2017 special meeting, during which the board voted to remove him as a director, was held in violation of the by-laws and was ultra vires. (Doc. No. 8). Eagle Forum is a non-profit, voluntary membership, non-sectarian, non-partisan corporation formed under the Illinois General Not For Profit Corporation Act. (Doc. No. 8-3).[1] Under its by-laws, Eagle Forum has a board of directors composed of eight regular directors and one at-large director. (*Id.* at Art. V, Sec. 2). The by-laws provide that at an annual meeting in odd-numbered years, the board elects up to eight directors to serve on the

---

[1] A document specifically referenced in and attached to the complaint may be considered on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

board. (*Id.* at Art. V, Sec. 4). The at-large director is elected by Eagle Forum's membership from a pool of three candidates nominated by the board. (*Id.*).

The bylaws provide that they may be amended by a unanimous vote of the board, or by an affirmative vote of all serving directors, provided that notice of the proposed changes is mailed to each director at least ten days in advance of the meeting. (*Id*. at Art. XII, Sec. 1). All matters not covered by Eagle Forum's by-laws are governed by Robert's Rules of Order Newly Revised. (*Id.* at Art. XII, Sec. 2).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a lawsuit for "failure to state a claim upon which relief may be granted." *See* Fed. R. Civ. P. Rule 12(b)(6)).[2] When considering a motion under this Rule, the Court must examine the sufficiency of the plaintiff's complaint, not the merits of the lawsuit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520–21 (7th Cir. 1990); *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 585 (7th Cir. 1989), *abrogated on other grounds by Board of County Comm'rs, v. Umbehr*, 518 U.S. 668, 116 S. Ct. 2342 (1996). Dismissal is appropriate only if it appears to a certainty that the plaintiff cannot establish any set of facts which would entitle him to the relief sought. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991). The Court accepts as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir. 1992).

---

[2] Plaintiff argues that this motion to dismiss is procedurally defective because the Court has already expressly denied a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. (Doc. No. 2). However, the Seventh Circuit has held that Rule 12(b)(6) failure-to-state-a-claim defenses may be raised in successive motions to dismiss. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) ("Rule 12(g)(2) does not prohibit a new Rule 12(b)(6) argument from being raised in a successive motion").

**DISCUSSION**

Non-profit corporations in Illinois are governed by the General Not for Profit Corporation Act, 805 ILCS § 105, *et seq*. ("the Act") and the corporation's articles of incorporation and bylaws.[3] A corporation may adopt any reasonable by-law to enable it to carry out its purpose, as long as the by-laws are consistent with the laws of Illinois and the United States. *Allen v. Chicago Undertakers' Ass'n*, 462, 83 N.E. 952, 953 (1908). The Act requires each non-profit corporation to have a board of directors to manage the affairs of the corporation. 805 ILCS § 105/108.05(a). In the case of a corporation with no members expressly entitled to vote to remove a board member, the affirmative vote of a majority of the directors is sufficient to remove a director. *Id.* at § 108.35(b). The Act generally prohibits a director from voting by proxy. *Id.* at § 108.05(d).

Plaintiff asserts that the January 28, 2017 meeting removing him as a director was invalid because it prohibited voting by proxy and the notice was inadequate for its failure to disclose that one of the purposes of the meeting was to change the by-laws. In its motion to dismiss, Eagle Forum argues that Plaintiff fails to state a claim because Eagle Forum's actions were lawful under the Act and Eagle Forum's by-laws.

Eagle Forum's by-laws are silent regarding proxy voting by a director. However, the Act expressly prohibits directors of a non-profit corporation from voting by proxy. 805 ILCS § 105/108.05(d). Plaintiff points to the following language in the Act to support his argument that voting by proxy must be permitted under the Act:

> (c) In the case of a corporation with members entitled to vote for directors, no director may be removed, except as follows:

---

[3] The parties agree that Illinois law applies in this case.

> (1) A director may be removed by the affirmative vote of two-thirds of the votes present and voted, either in person or by proxy.

*Id.* at § 108.35(c)(1). However, this section applies only to corporations with members entitled to vote for directors. Here, Eagle Forum's by-laws expressly provide that sitting directors, not the membership, vote on incoming directors, while members vote on the at-large director. Thus, the section of the Act relied upon by Plaintiff does not apply and the Act's prohibition on directors voting by proxy controls. As a result, the notice prohibiting proxy voting was lawful.

Eagle Forum next argues that Plaintiff's complaint should be dismissed because Plaintiff cannot prove that the board's vote amending the by-laws caused his removal. In other words, Eagle Forum contends that Plaintiff cannot prove that had the by-laws not been amended, Plaintiff would still be a director.

It appears that the notice of the special meeting failed to include an agenda item about amending the by-laws. However, the Complaint is devoid of any allegation that the by-laws were amended at the special meeting or how such amendment caused Plaintiff's injury. Instead, Plaintiff pleads that "upon information and belief, the Individual Defendants also plan to attempt to change the by-laws of Eagle Forum . . . in order to advance their own interests . . . ." (Doc. No. 8 at ¶ 28). The Court notes that at the time Plaintiff's Complaint was filed, the meeting had not yet taken place. However, even accepting as true Plaintiff's factual allegations, the Court cannot infer allegations of an act and subsequent injury that are not expressly pled in the Complaint. Therefore, the Court will grant in part Eagle Forum's motion to dismiss and grant Plaintiff's request for leave to amend the Complaint.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Eagle Forum's motion to dismiss (Doc. No. 64) is **GRANTED in part**.

**IT IS FURTHER ORDERED** that Plaintiff Andrew Schlafly's request for leave to file an amended complaint is **GRANTED**. Plaintiff will file an amended complaint on or before **April 30, 2018**.

Dated this 13th day of April, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE