UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREW L. SCHLAFLY, as a member of Eagle Forum, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-00283-JAR ) |
| EAGLE FORUM, EUNIE SMITH, CATHIE ADAMS, ROSINA KOVAR, and CAROLYN MCLARTY, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

This matter comes before the Court on Defendant Eagle Forum's motion to dismiss the first amended complaint. (Doc. No. 73). Plaintiff Andrew Schlafly opposes the motion. (Doc. No. 65). For the reasons set forth below, the motion to dismiss will be granted in part and denied in part.

## BACKGROUND

Plaintiff Andrew Schlafly is a current member and former director of Defendant Eagle Forum, a membership corporation that is incorporated under the laws of Illinois. (Doc. No. 71, Am. Compl. at ¶¶ 5-6). Defendants Eunie Smith, Cathie Adams, Rosina Kovar, and Carolyn McLarty ("Individual Defendants") are current directors of Eagle Forum. (*Id.* at ¶¶ 7-10).

Eagle Forum is governed by its Bylaws, which establishes a board of directors composed of eight regular directors and one at-large director. (Doc. No. 72-2, By-laws of Eagle Forum, at Art. V, Sec. 2). The By-laws incorporated Robert's Rules of Order Newly Revised ("Robert's Rules"). (Am. Compl. at ¶ 3). The By-laws provide that at an annual meeting in odd-numbered

1

years, the board elects up to eight directors to serve on the board. (By-laws of Eagle Forum at Art. V, Sec. 4). The at-large director is elected by Eagle Forum's membership from a pool of three candidates nominated by the board. (*Id.*). The Bylaws also contain the following provision:

> SECTION 3. The Board of Directors shall meet at least once a year at the call of the President or of three members of the Board. Notice of the meetings, specifying the time and place, shall be mailed to each director at least ten days prior to the date of the meeting. Special meetings of the Board of Directors may be called by the President or three members for the Board. Notice of a special meeting, specifying the time, place, and a brief statement of the purpose of the meeting, shall be mailed to each director at least ten days prior to the date of the meeting. Notice of a special meeting to remove any director shall be mailed to each director at least twenty days prior to the date of the meeting.

(*Id.* at Art. V, Sec. 3).[1] Notably, the Bylaws contain no provisions requiring notice of special meetings to Eagle Forum members.

On January 28, 2017, Plaintiff was removed as a director at a special board meeting held in St. Louis ("January 28 meeting"). (Am. Compl. at ¶ 4). Plaintiff claims that after his removal, the board voted to amend the Bylaws. (*Id.* at ¶¶ 4-5). Specifically, the Bylaws were amended to remove the incorporation of Robert's Rules into the Bylaws and adding a provision to allow the board to remove the at-large director (the only director elected by Eagle Forum's membership) without notice to the membership. (*Id.* at ¶ 5).

Plaintiff claims that any changes to the Bylaws require advance notice in writing, and he maintains that the changes made to the Bylaws at the January 28 meeting were done without proper prior notice. (*Id.* at ¶ 29, 30). According to Plaintiff, Robert's Rules provide "essential procedural protections for the rights of members in a membership organization, and for the rights

---

[1] A document specifically referenced in and attached to the complaint may be considered on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *See Venture Assocs. Corp. v.*

2

of directors in a minority." (*Id.* at ¶ 31).

When Plaintiff initially filed his lawsuit against Defendants, he sought injunctive and declaratory relief regarding his removal as a director. (Doc. No. 8). However, he has since amended his complaint to bring two claims of breach of fiduciary in his capacity as a member of Eagle Forum. (*See* Am. Compl.). In Count I, Plaintiff alleges that the Individual Defendants breached the fiduciary duty owed to its members when they failed to comply with the Bylaws and made changes to them without notice to the membership, resulting in the violation of certain membership rights, some of which were contained in Robert's Rules. (*Id.* at ¶ 38). Plaintiff seeks in Count I: (1) injunctive relief against all Defendants in the form of rescinding the changes to the Bylaws made on January 28, 2017; and (2) the return to Eagle Forum of any assets dissipated since the changes to the Bylaws.

In Count II, Plaintiff alleges that the Individual Defendants breached their duties of candor and loyalty "by changing the Bylaws and having an undisclosed side agreement among themselves" that "improperly influences how the Individual Defendants vote as Directors." (*Id.* at ¶43). Plaintiff claims that this side agreement disenfranchises members by distorting the votes. (*Id.* at ¶ 45). He also claims that the Individual Defendants have failed to announce the results of the at-large membership election and have improperly allowed at-large Director Kovar to remain on the board. Plaintiff seeks disclosure and recession of the side agreement, as well as the replacement of Defendant Kovar by the successor elected by the membership. (*Id.* at 51).

Eagle Forum[2] filed a motion to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Eagle Forum argues that: (1) Plaintiff does not

---

*Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).
[2]      Eagle Forum notes that to date, Plaintiff has failed to properly serve any of the Individual

have standing to bring a direct action for breach of fiduciary duty because those claims belong solely to Eagle Forum; and (2) Plaintiff, in his capacity as a member, fails to allege sufficient facts to establish any violation of the notice requirements contained in the Bylaws. In the alternative, Eagle Forum seeks a stay in this matter pending the disposition of a Madison County, Illinois lawsuit, which Eagle Forum argues includes many of the same parties and identical claims and theories.

Plaintiff responds that under Illinois law, directors owe a duty to their members and maintains that the duty was breached when the board eliminated members' rights by amending the Bylaws out of self-interest and without proper notice. Plaintiff further argues that a stay is improper because none of the claims before the Court are at issue in the Madison County proceeding, and that the Madison County proceeding involves many more parties than are at issue here.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint. Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a lawsuit for "failure to state a claim upon which relief may be granted." *See* Fed. R. Civ. P. Rule 12(b)(6)). The standard applied to a 12(b)(1) motion is similar to the standard applied to a 12(b)(6) motion. *Freiburger v. Emery Air Charter, Inc.*, 795 F. Supp. 253, 256 (N.D. Ill. 1992).

When considering a motion under Rule 12(b)(6), the Court must examine the sufficiency of the plaintiff's complaint, not the merits of the lawsuit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520–21 (7th Cir. 1990); *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 585 (7th Cir. 1989), *abrogated on other grounds by Board of County Comm'rs, v. Umbehr*, 518

---

Defendants. (Doc. No. 77 at n.1).

U.S. 668, 116 S. Ct. 2342 (1996). Dismissal is appropriate only if it appears to a certainty that the plaintiff cannot establish any set of facts which would entitle him to the relief sought. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991). The Court accepts as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir. 1992).

## DISCUSSION

The Court's duty in this diversity suit is to decide issues of Illinois state law as they would be decided by the Illinois Supreme Court. *Doermer v. Callen*, 847 F.3d 522, 527–28 (7th Cir. 2017).[3] Non-profit corporations in Illinois are governed by the General Not for Profit Corporation Act, 805 ILCS § 105, *et seq*. ("the Act") and the corporation's articles of incorporation and bylaws. The statutory provisions pertinent to the management of the affairs of a not-for-profit corporation by its directors and officers are similar to those applicable to business corporations. *Mile-O-Mo Fishing Club, Inc. v. Noble*, 62 Ill. App. 2d 50, 56–57 (1965). "The officers and directors of a not for profit corporation should, therefore, be charged with the same degree of fidelity to the interests of the corporation as are the officers and directors of a business corporation." *Id.*

Illinois law is well settled that a shareholder[4] seeking relief for an injury to the corporation, rather than a direct injury to the shareholder himself, must bring his suit derivatively on behalf of the corporation. *Small v. Sussman*, 306 Ill. App. 3d 639, 643 (1999); *see also Lower*

---

[3] The parties agree that Illinois law applies in this case.

[4] The parties in their briefs consistently cite to Illinois law concerning actions brought by shareholders rather than members of nonprofit corporations. The Court has not found, nor have

5

*v. Lanark Mutual Fire Insurance Co.,* 151 Ill. App. 3d 471, 473 (1986) ("Where an officer, director or controlling shareholder breaches a duty to the corporation, a shareholder has no standing to bring a civil action at law against faithless directors and managers because the corporation and not the shareholder suffered the injury"); *Poliquin v. Sapp,* 72 Ill. App. 3d 477, 480 (1979) (because a breach of fiduciary duty by directors alleged injury to the corporation, shareholders did not have a right to recover damages in their own names).

The law controlling whether an action is derivative or direct, however, requires a strict focus on the nature of the alleged injury, i.e., whether it is to the corporation or to the individual shareholder that has been harmed. *Small*, 306 Ill. App. 3d at 643 (citing *Weil v. Northwest Industries, Inc.,* 168 Ill. App. 3d 1, 5 (1988)). For example, a claim of mismanagement resulting in corporate waste is derivative in nature because such waste represents a direct wrong to the corporation, affecting shareholders only indirectly. *Id.* at 645.

To have standing to sue individually, rather than derivatively on behalf of the corporation, the plaintiff must allege a special injury, "either 'an injury which is separate and distinct from that suffered by other shareholders,' or a wrong involving a contractual right of a shareholder, such as the right to vote, or to assert majority control, which exists independently of any right of the corporation." *Spillyards v. Abboud*, 278 Ill. App. 3d 663, 670–71, 662 N.E.2d 1358, 1363 (1996) (internal citations omitted). "In determining the nature of the wrong alleged, a court must look to 'the body of the complaint, not to the plaintiff's designation or stated intention.'" *Id*. (internal citation omitted).

Here, Plaintiff asserts that in Count I, he is bringing a direct action for breach of fiduciary duty against the Individual Defendants and Eagle Forum for changing the Bylaws without notice,

---

the parties argued, that cases concerning shareholder lawsuits should not apply in this case.

to the detriment of Plaintiff as a member of Eagle Forum. (Doc. No. 76 at 1). However, a corporation, which is distinct from its officers and directors, does not owe a duty to its shareholders. *Small*, 306 Ill. App. 3d at 645. Thus, Plaintiff's direct action against Eagle Forum fails.

For purposes of this motion, the Court will assume, without deciding, that Plaintiff has standing to bring this suit against the Individual Defendants, since Plaintiff alleges on the face of the complaint that the failure to provide proper notice affected his voting rights. In any event, Plaintiff has not stated a claim because there is nothing in the Bylaws that entitle a member to notice. In his response, Plaintiff maintains that he was entitled to prior notice of any changes to the by-laws in his role as a director. However, he is bringing this lawsuit in his capacity as a member. Therefore, upon review of the face of the complaint, Plaintiff has failed to bring a claim in Count I.

With regard to Count II, Plaintiff appears to be bringing a direct action against the Individual Defendants for their violation of fiduciary duties to Plaintiff "and other members of Eagle Forum." (Am. Compl. at ¶ 42). Since the injury is not separate and distinct from that suffered by other shareholders, Plaintiff must plead a wrong involving a contractual right of a member, such as the right to vote or to assert majority control, which exists independently of any right of the corporation. *Spillyards*, 278 Ill. App. 3d at 670–71.

Here, Plaintiff asserts that a secret side agreement disenfranchises Eagle Forum members by distorting the vote of the at-large director, who, in turn, was elected by the membership. (Am. Compl. at ¶ 45). Plaintiff also claims that the Individual Defendants have failed to disclose the results of the election of the at-large director, in violation of the By-laws. These violations, as pled, involve a contractual right of a member of Eagle Forum, which may be asserted by an

individual member in a direct action. Thus, Plaintiff has asserted a claim, and Defendant's motion will be denied as to Count II.

**CONCLUSION**

Upon careful review of the amended complaint and applicable Illinois law, the Court will grant Defendant Eagle Forum's motion to dismiss as to Count I. However, it will deny the motion as to Count II, which remains. In light of this ruling, the Court has reexamined whether it has subject matter jurisdiction over this case. *See Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011) (holding that courts have an obligation to consider *sua sponte* its subject matter jurisdiction where the court believes that jurisdiction may be lacking); *Crawford v. F. Hoffman-La Roche, Ltd.*, 267 F.3d 760, 764 n. 2 (8th Cir. 2001) ("[F]ederal courts are obligated to raise the issue of subject-matter jurisdiction *sua sponte*.").

Plaintiff asserts in his amended complaint that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), because the parties are citizens of different states and the amount in controversy, without interests and costs, exceeds $75,000.[5] (Am. Compl. at ¶ 11). Plaintiff seeks only equitable relief in Count II. Specifically, he seeks "disclosure and rescission of the side agreement among the Individual Defendants that relates to Eagle Forum, and requests the replacement of Defendant Kovar on the Board by a successor properly elected by membership." (*Id.* at ¶ 51). In seeking this remedy, it is unclear from the face of the complaint whether the Court has subject matter jurisdiction over this action. Thus, the Court will direct Plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction.

Accordingly,

---

[5] Plaintiff initially filed his lawsuit in Missouri state court, and Defendant Eagle Forum removed the matter on the basis of diversity jurisdiction. (Doc. No. 1 at ¶ 9). Plaintiff has since

**IT IS HEREBY ORDERED** that Eagle Forum's motion to dismiss (Doc. No. 73) is **GRANTED** as to Count I, and **DENIED** as to Count II.

**IT IS FURTHER ORDERED** that, on or before **January 16, 2019**, Plaintiff will show cause in writing why this matter should not be dismissed for lack of subject matter jurisdiction. Failure to comply with this Order may result in the dismissal of this action.

Dated this 2nd day of January, 2019.

                                                JOHN A. ROSS
                                                UNITED STATES DISTRICT JUDGE

---

amended his complaint to assert jurisdiction in this Court on the same basis.